NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
:
EUGENIO CARRILLO et al.,       :
: Civil Action No. 13-6229 (SRC)
        Plaintiffs,      :
:
:
        v.       :         **OPINION**
:
:
48TH STREET WEEHAWKEN LLC et al., :
:
        Defendants.      :
_____:

**CHESLER, District Judge**

    This matter comes before the Court on three motions: 1) the motion to dismiss the Amended Complaint by Defendant Township of Weehawken, N.J.; 2) the motion to dismiss the Amended Complaint by Defendant Mark Gould; and 3) the motion to dismiss the Amended Complaint by Defendant Frank Tattoli. For the reasons stated below, the motions to dismiss will be granted.

    The motions to dismiss seek dismissal of various claims, but this Court need only reach the issues involving the validity of Count One, the RICO claim. Defendants argue, correctly, that the Amended Complaint fails to satisfy the RICO distinctiveness requirement. The RICO distinctiveness requirement originates in the language of the RICO statute, 18 U.S.C. § 1962(c): "It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering

activity . . . ." The Supreme Court has held that "to establish liability under § 1962(c) one must allege and prove the existence of two distinct entities: (1) a 'person'; and (2) an 'enterprise' that is not simply the same 'person' referred to by a different name." Cedric Kushner Promotions, Ltd. v. King, 533 U.S. 158, 161 (2001). Thus, at issue is whether Plaintiffs have adequately alleged two distinct entities, a RICO person and a RICO enterprise.

The Amended Complaint alleges that all named defendants are members of a RICO enterprise. (Am. Compl. ¶ 52.) The Amended Complaint also alleges: "All defendants conducted, participated, directly and/or indirectly in the conduct of these enterprises' affairs through a pattern of racketeering activity . . ." (Am. Compl. ¶ 59.) Thus, the Amended Complaint makes all Defendants to be both the RICO enterprise, and the "person," within the meaning of § 1962(c), conducting the affairs of the enterprise. There is simply no difference between the definition of the person and the definition of the enterprise; they are entirely the same. This is not a case similar to Jaguar Cars v. Royal Oaks Motor Car Co., 46 F.3d 258, 268 (3d Cir. 1995), where the Third Circuit found that a corporation is legally distinct from its officers and managers.

Count One does not meet the RICO distinctiveness requirement and fails to state a valid claim. At oral argument on previous motions, held on September 15, 2014, this Court granted the motion to amend and instructed Plaintiffs on the need to rewrite the Complaint in its entirety. The RICO claim contained in the Amended Complaint is nearly identical to that contained in the original Complaint. This Court concludes that further amendment is futile, and the RICO claim will be dismissed with prejudice.

The RICO claim constituted the sole basis for this Court's federal question jurisdiction.

2

Because this Court has now dismissed the only claim arising under federal law, and because there is no independent basis asserted for this Court's subject matter jurisdiction over this case, this Court now lacks original jurisdiction over this case. "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because this Court has now dismissed all claims over which it had original jurisdiction, it exercises its statutory discretion and declines to exercise supplemental jurisdiction over the remaining state law claims.

The motions to dismiss are granted, and Count One of the Amended Complaint is dismissed with prejudice. All remaining counts in the Amended Complaint are dismissed for lack of subject matter jurisdiction.

   s/ Stanley R. Chesler
   Stanley R. Chesler, U.S.D.J.

Dated: February 5, 2015